```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JESUS SANTANA,                           :
                                         :
                    Plaintiff,           :   11 Civ. 9433 (DLC)
                                         :
          -v-                            :   MEMORANDUM
                                         :   OPINION & ORDER
CAFÉ AU BON GOUT, INC. and YOUNG SOO     :
LEE, jointly and severally,              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On July 5, 2012, the parties in this action brought under the Fair Labor Standards Act ("FLSA") executed a settlement agreement ("Agreement") that provided for a payment to the plaintiffs that was less than the full sum of liquidated damages mandated by the FLSA.  See 29 U.S.C. § 216(b).  On July 18, the Court received a letter from the parties seeking approval of the Agreement along with a copy of the Agreement for the Court's review.  For the following reasons, the Agreement is approved, and the lawsuit is dismissed.

BACKGROUND

Jesus Santana ("Santana") commenced this action on December 22, 2011.  An Amended Complaint (the "Complaint") was filed by Santana and Nicolas Hinojosa ("Hinojosa") on March 23, 2012

alleging that their employer -- the defendants Café Au Bon Gout, Inc. ("Au Bon Gout") and Young Soo Lee -- violated the FLSA and New York State labor laws.

Santana and Hinojosa each worked as a cook and cleaner for Au Bon Gout, a corporation and a restaurant.  In the Complaint, the plaintiffs allege that they worked in excess of forty hours a week.  They claim that they were each paid $9 per hour but that they were not paid overtime compensation -- that is, an additional $4.50 per hour -- for their hours worked in excess of forty hour per week.  Taking these allegations as true, under the penalty provision of the FLSA, 29 U.S.C. § 216(b), the parties claim that the plaintiffs would be entitled to approximately $9,153 in damages, which includes liquidated damages calculated at 100% of the unpaid overtime compensation, and approximately $2,201 of which constitutes unpaid wages.

The parties have agreed to settle the action for a payment in excess of the claimed damages, with over half of the sum to go to the plaintiffs' attorneys for legal fees and expenses.  If the Agreement is approved, the parties request that the action be dismissed with prejudice.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated

damages" on employers who violate its requirement that overtime wages be paid.  29 U.S.C. § 216(b).  The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."  D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946).  In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements.  Id. at 113 n.8.  The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."  Id.  Based on D.A. Schulte's dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.  See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947).  In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed

3

settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

The parties in this case have sufficiently supported this Agreement and demonstrated that it represents a fair and equitable settlement of the plaintiffs' bona fide dispute with their employer. The defendants dispute the facts put forward by the plaintiffs concerning the hours worked by the plaintiffs, the wages paid and rate of pay at which the defendants paid the plaintiffs, and whether the individual defendant is within the definition of employer.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers. See D.A. Schulte, 328 U.S. at 115. The plaintiffs, though, have been represented by counsel throughout this lawsuit. These circumstances provide further assurance that the plaintiffs' interests have been safeguarded.

CONCLUSION

The parties' July 5, 2012 Agreement is approved, and this action is dismissed with prejudice.

SO ORDERED:

Dated:   New York, New York
         August 6, 2012

                                    _____
                                           DENISE COTE
                                    United States District Judge

5